**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

LUCIANO RAMIREZ-SALAZAR                                                                PLAINTIFF
Reg. #08125-097

v.                                              No. 2:10CV00205 JLH

T.C. OUTLAW, Warden,
FCI-Forrest City, et al.                                                               DEFENDANTS

**ORDER**

Plaintiff, Luciano Ramirez-Salazar, who is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas, has filed a *pro se*[1] *Bivens* Complaint and an Application to Proceed *In Forma Pauperis*.[2] *See* docket entry #2.

**I.  *Bivens* Complaint**

Plaintiff alleges that Defendants violated his constitutional rights when they conspired falsely and improperly to convict him of several federal crimes in the United States District Court for the Eastern District of California. *See* docket entry #2; *see also U. S. v. Ramirez-Salazar*, Case No. 99-10265, 2000 WL 890720 (9th Cir. July 5, 2000) (unpublished opinion) (affirming Plaintiff's criminal

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

[2] In *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

convictions on appeal). Plaintiff also contends that he was improperly sentenced on a charge that was dismissed in that action. *See* docket entry #2. By way of relief, he seeks monetary damages and an immediate release from prison. *Id.*

Challenges to the conditions of confinement in a federal prison may be brought in a *Bivens* action.[3] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In contrast, challenges to the validity of a federal conviction or sentence may be brought in the district in which the defendant was convicted pursuant to 28 U.S.C. § 2255.[4] *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A challenge to the execution of a sentence may be brought in the district where the petitioner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). A habeas petition may be brought under § 2241 when the remedy under § 2255 is inadequate. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). For present purposes, the

---

[3] In a single sentence in his Complaint, Plaintiff makes the conclusory allegation that *unspecified* individuals have denied his request for a prostate exam, diabetes test, and blood analysis. *See* docket entry #2. Unlike the other allegations in his Complaint, which attack the validity of his conviction and sentence, this appears to be a conditions of confinement claim that may be properly maintained in a *Bivens* action.

If Plaintiff believes that he is being provided with constitutionally inadequate medical care, he should file a new *Bivens* action that clarifies: (1) who denied his requests for testing; (2) why the tests are medically necessary; (3) how he was harmed by the denial of his requests for testing; and (4) how the denial of his requests for testing rises to the level of a constitutional violation. *See Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010) (explaining that negligence, gross negligence, and a mere disagreement with a medical provider's treatment decisions do not rise to the level of a constitutional violation); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (explaining that a medical decision not to order diagnostic testing "is a classic example of a matter for medical judgment" that "[a]t most is medical malpractice," and not a constitutional violation).

[4] It appears that Plaintiff has already filed at least two unsuccessful § 2255 motions in the Eastern District of California. *See Ramirez-Salazar v. United States,* 2:02CV00246 DFL (E.D. Cal. June 19, 2002) (unpublished decision); *Ramierz-Salazar v. United States,* 2:04CV00202 DFL (E.D. Cal April 28, 2004) (unpublished decision).

Court will assume that plaintiff is attacking the execution of his sentence or that he contends that § 2255 does not provide an adequate remedy.

Accordingly, the Court will direct the Clerk to recharacterize this action as a § 2241 habeas petition.

## II.  Application to Proceed *In Forma Pauperis*

According to the financial information provided by prison officials, Plaintiff has had: (1) an average monthly balance for the last six months of $245.18; and (2) average monthly deposits for the last six months of $117.28.  *See* docket entry #1 at 3.  Based on this information, the Court concludes that Plaintiff has sufficient funds to pay the $5.00 filing fee for commencing a habeas action.  Therefore, the Motion to Proceed *In Forma Pauperis* will be denied.

## III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to recharacterize this *Bivens* action as a § 2241 habeas petition with T.C. Outlaw as the Respondent.

2. All other Defendants are DISMISSED, WITH PREJUDICE.

3. Plaintiff's Motion to Proceed *In Forma Pauperis* (docket entry #1) is DENIED.

4. If Plaintiff wishes to continue with this habeas action, he must pay the $5.00 filing fee, in full, **within thirty days of the entry of this Order**. Plaintiff's payment should clearly indicate that it is for the filing fee in this action, *Ramirez-Salazar v. Outlaw*, 2:10CV00205 JLH. The failure to timely and properly do so will result in this case being dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

5. Service is *not* appropriate at this time.

Dated this 21st day of January, 2011.

                                                                    *J. Leon Holmes*
                                                        UNITED STATES DISTRICT JUDGE